UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA Y. MARLEY,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. EDCV 12-00779-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On May 14, 2012, Katrina Y. Marley ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on August 15, 2012. On October 26, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 58 year old female who applied for Supplemental Security Income benefits on September 9, 2008, alleging disability beginning January 1, 2001. (AR 20.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since September 9, 2008, the application date. (AR 22.)

Plaintiff's claim was denied initially on December 5, 2008, and on reconsideration on April 16, 2009. (AR 20.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joseph D. Schloss on June 22, 2010, in San Bernardino, California. (AR 20.) Claimant appeared at the hearing and testified. (AR 20.) Plaintiff was not represented by counsel or other representative. (AR 20.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 20.)

The ALJ issued an unfavorable decision on August 5, 2010. (AR 20-27.) The Appeals Council denied review on March 16, 2012. (AR 1-6.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ erred in failing to discuss the functional capacity assessment of treating family practitioner Castillo.

2. Whether substantial evidence supports the ALJ's finding that Plaintiff's subjective testimony is not credible.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner has established a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  An impairment is not severe if it does not significantly limit the claimant's ability to work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.  Fourth, the ALJ must determine

whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since September 9, 2008, the application date. (AR 22.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: hepatitis C, Graves' disease, hypothyroidism, and hypertension. (AR 22. )

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 23.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

> . . . postural limitations (i.e., climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling) could be done only on an occasional basis. Claimant cannot climb ladders, ropes or scaffolds. Because she complains of dizziness, Claimant cannot work at heights or around dangerous, moving machinery and must avoid extreme heat and cold.

(AR 23.) In determining this RFC, the ALJ also made an adverse credibility determination . (AR 23.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 26.)

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there would be a significant number of jobs in the national economy that Plaintiff could perform, including inspector/hand packager, bench assembler and small products assembler. (AR 26-27.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 27.)

**DISCUSSION**

Both issues raised by Plaintiff concern the ALJ's RFC, which assessed Plaintiff with the RFC to perform light work with limitations. (AR 23.) An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effect of symptoms, including pain, reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The ALJ decision must be affirmed. The ALJ properly discounted the opinion of Dr. Reuben Castillo, Plaintiff's treating physician. Plaintiff's late submission of a disability opinion from Dr. Castillo after the ALJ decision is not a basis for Appeals Council review because his opinion is unsupported by clinical findings, diagnostic evidence, or treatment notes. The ALJ properly discounted Plaintiff's credibility. Additionally, evidence also obtained after the ALJ decision indicates Plaintiff engaged in substantial gainful activity in 2010 and 2011, which establishes she is not disabled.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.     THE TREATING PHYSICIAN OPINION OF DR. CASTILLO
        WAS PROPERLY DISCOUNTED**

Plaintiff contends that the ALJ decision improperly rejected the opinion of Dr. Reuben Castillo, Plaintiff's treating physician, and that the Appeals Council improperly failed to remand the case after Dr. Castillo submitted a disability opinion subsequent to the ALJ decision. The Court disagrees.

**A.     Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Claimant alleges disability due to Graves' disease, hepatitis C, high blood pressure, heart problems, forgetfulness, mental troubles, and hyperthyroidism. (AR 23, 133.) She claims she is unbalanced, cannot think straight, cannot function well, and her medications keep her in a fog and cause other problems. (AR 23, 133.)

The objective medical evidence does not establish that any of the impairments alleged above are disabling, singly or in combination. Claimant underwent an internal medicine consulting examination with Dr. Brian To on November 20, 2008. (AR 24, 253-58.) Claimant reported a history of hypertension to Dr. To, who found no evidence of end organ damage and noted that Claimant denied any history of TIA, headaches or slurred speech. (AR 24, 253,

256.) The ALJ found that there was no indication Plaintiff's hypertension has caused any significant problems. (AR 24, 26.)

Claimant also reported a history of hyperthyroidism and Graves' disease status post-radiation to Dr. To, who noted Claimant was taking thyroid supplements and is now on Synthroid. (AR 24-25.) Her Graves' disease is stable. (AR 26, 267.)

Dr. To found nothing unremarkable about Plaintiff's heart, but did note a murmur. (AR 255.) Additionally, Claimant underwent a cardiology examination and an EKG and chest x-ray were normal. (AR 24, 312-314.) She was determined to have benign heart palpitations. (AR 24, 313.) A subsequent echocardiogram showed a good ejection fraction within normal limits at 75%. (AR 24, 316-17.) The ALJ concluded that Plaintiff's cardiovascular examinations were normal. (AR 26.) Mild findings in 2007 did not suggest disability, nor did her leaving the hospital against medical advice (AR 24), and Dr. To assessed a medium RFC after an EKG. (AR 255-56, 260.)

Physically, Dr. To found range of motion of joints, including back, to be normal despite complaints of back pain, gait was normal, straight leg raising negative, and no neurological deficits. (AR 24, 256.) Dr. To concluded Plaintiff could perform medium work, lifting 50 pounds occasionally and 25 pounds frequently, with standing and walking for six hours in an eight hour workday. (AR 24, 257.) Dr. To proffered very few limitations except a restriction from working with heavy machinery. (AR 24, 257-58.)

Dr. To found Plaintiff's abdomen normal. (AR 256.) Claimant does have hepatitis C, but with no evidence of liver disease. (AR 26, 267.) An abdominal ultrasound showed normal liver and no evidence of liver decompensation. (AR 24, 296-97.)

Dr. To's physical findings and physical RFC assessment were reconfirmed by State agency reviewing physicians Dr. G. Taylor-Homes (AR 261-67), Dr. K. Wahl (AR 318-25), and Dr. Gregg. (AR 326-27.) The State agency reviewers, however, limited Plaintiff to light work with limitations, which the ALJ accepted as his RFC. (AR 23, 25.) The limitations included occasional postural limitations (climbing, balancing, stooping, kneeling, crouching, and

crawling), and no climbing of ladders, ropes or scaffolds or working at heights or around dangerous, moving machinery, and must avoid extreme heat and cold. (AR 23, 25, 318-25.)

Plaintiff's family doctor and treating physician, Dr. Castillo, saw Plaintiff from July 2007 to August 2008. Dr. Castillo's treatment notes (343-71) are generally consistent with the other physicians. Dr. Castillo also prescribed Prozac for nerves and depression (AR 22, 326), but Plaintiff herself stated that the medication resolves all her symptoms of depression and that her inability to work is solely due to her physical problems. (AR 22, 326.) Accordingly, the ALJ found Plaintiff does not have a severe mental impairment. (AR 22.)

Plaintiff contends that the ALJ never discussed Dr. Castillo's opinions and thus could not have specific, legitimate reasons for rejecting Dr. Castillo's opinion. This contention lacks merit. There was nothing in Dr. Castillo's treatment notes inconsistent with the opinions of the other physicians cited by the ALJ, two of whom summarize Dr. Castillo's findings. (AR 266, 324.) Twice, reviewing doctors noted that the records do not include a complete physical examination from Dr. Castillo (AR 266, 323). Dr. Castillo's treatment notes were unremarkable and proffered no limitations. (AR 343-71.) The ALJ never rejected Dr. Castillo's treatment notes and, by relying on reviewing physicians who cited Dr. Castillo, the ALJ was relying on Dr. Castillo's notes. The ALJ plainly did not think that he was rejecting Dr. Castillo's findings. There was nothing to reject that otherwise would result in a more restrictive RFC.

Subsequent to the ALJ's decision, however, Plaintiff presented a letter from Dr. Castillo dated September 15, 2010, to the Appeals Council. (AR 341.) The letter notes the following diagnoses:

- Peripheral edema, chronic
- Abdominal pain, chronic
- Hepatitis C
- Hyperthyroidism
- Hypertension
- Sleep apnea

(AR 341.) Dr. Castillo then states that Claimant is "unable to work for at least one full year due to severe abdominal pain, dizziness and swelling of the hands and feet." (AR 341.) The Appeals Council made Dr. Castillo's letter part of the record (AR 5), but found no reason to review the ALJ's decision. (AR 1-2.) The Appeals Council also noted that Plaintiff had engaged in substantial gainful activity in 2010 and 2011. (AR 2.)

In rejecting post-hearing evidence, the Appeals Council is not required to make any particular evidentiary finding. Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996). Nonetheless, the Appeals Council's denial of review was entirely appropriate. Dr. Castillo's letter was not accompanied by any supporting clinical evidence or laboratory results or confirming treatment notes. In fact, the disability opinion proffered by Dr. Castillo is inconsistent with his treatment notes which never proffer the limitations belatedly presented to the Appeals Council. An adjudicator may reject a treating physician's opinion if inadequately supported by clinical findings or when it is not supported or contradicted by his own notes and clinical findings. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide objective medical evidence of alleged limitations); Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion if inadequately supported by clinical findings); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (treating physician may be discounted if treatment notes fail to present the sort of description and recommendations one would expect to accompany an opinion of total disability); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (adjudicator properly rejected treating physician opinion based on failure to specify functional limitations). The ALJ, moreover, discounted Plaintiff's credibility, a finding that as discussed below is supported by substantial evidence. An adjudicator may reject a treating physician's opinion based on discredited subjective complaints. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Morgan, 169 F.3d at 602; Andrews, 53 F.3d at 1043. Additionally, Plaintiff never explains why she waited until after the ALJ decision to obtain and present an opinion on disability from Dr. Castillo. Weetman v. Sullivan, 877 F.2d 20, 23 (9th Cir. 1989) (medical opinion less persuasive when obtained only after adverse ALJ decision). The Appeals Council decision not to review the ALJ decision based on Dr. Castillo's letter was reasonable as

1 there is no likelihood his unsupported disability opinion would have resulted in a different
2 outcome. Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

Additionally, the Appeals Council noted that new records available after the ALJ decision indicated that Plaintiff engaged in substantial gainful activity in 2010 and 2011. (AR 2.) Wholly apart from Dr. Castillo's letter, Plaintiff's SGA by itself establishes that she is not disabled, 20 C.F.R. § 416.971, et seq., and further refutes Dr. Castillo's disability opinion.

## II.    THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility. The Court disagrees.

### A.    Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B. Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 23.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not entirely credible to the extent inconsistent with the ALJ's RFC assessment. (AR 23.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that Plaintiff's alleged disabling symptoms were inconsistent with the objective medical evidence. (AR 24-26.) An ALJ may consider a lack of objective evidence, so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. Based on Dr. To's internal medicine examination and other medical evidence, the ALJ found that Plaintiff's hypertension has not caused any significant problems, her hyperthyroidism and Graves' disease are stable, her heart palpitations are benign, and she has normal range of motion in all joints, with Plaintiff capable of medium work with few limitations according to Dr. To. (AR 24, 253-58.) Plaintiff does have hepatitis C, but an ultrasound showed normal liver and no evidence of liver decompensation. (AR 24, 296-97.) The ALJ found no evidence and support in the record that her alleged fatigue is so severe to prevent all work. (AR 24.) The ALJ found that Claimant complained of knee pain, but on physical examination there was no tenderness and Claimant had full range of motion. (AR 24.) State agency review physicians concluded that Plaintiff could do light work with restrictions. (AR 25.)

Second, the ALJ found that Plaintiff's daily activities were inconsistent with her claims of disability, which is a valid basis for discounting credibility. Burch, 400 F.3d at 681. The ALJ found Plaintiff cooks, does household chores, drives, shops, and handles her own money. (AR 24.) She is able to do housework, including laundry, and grocery shopping. (AR 24.) These activities are inconsistent with Plaintiff's claims of fatigue.

Plaintiff's daily activities also are inconsistent with her claim that her medications keep her in a "fog." The ALJ found that, while partly true, any claim that medication side effects are so severe as to prevent her from performing substantial gainful activity is uncorroborated. (AR 24.) The ALJ found no evidence that Plaintiff's doctor substituted medications to reduce symptomology or relieve side effects. (AR 24.) The ALJ found that "[n]othing in the medical record suggests that the Claimant is unable to work due to her medications." (AR 24.) Alleged medication side effects can be disregarded if unsupported by medical findings. Gallegos v. Astrue, 2010 WL 330242, at *2-*3 (C.D. Cal. Jan. 20, 2010) (complaints of medication side effects can be ignored if unsupported by objective medical evidence, particularly where credibility has been rejected).

Third, Plaintiff was hospitalized in 2009 for chest pain and palpitations, but left against medical advice. (AR 24.) An unexplained or inadequately explained failure to follow prescribed treatment is a valid basis for discounting credibility. Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff disputes the ALJ's adverse credibility finding, but the ALJ is responsible for determining credibility and resolving ambiguities in the evidence. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the evidence is reasonable, as is true here, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ discounted Plaintiff's credibility as to her subjective symptoms for clear and convincing reasons supported by substantial evidence. There was no error.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error. The Appeals Council did not err in declining to review the case because Dr. Castillo's disability opinion letter was unsupported by clinical findings and treatment notes, and Plaintiff had engaged in substantial gainful activity in 2010 and 2011.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 27, 2012

                                            */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                    UNITED STATES MAGISTRATE JUDGE